UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 14-cr-0183** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MARVIN BROWN** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to vacate, set aside, or correct sentence filed by Defendant Marvin Brown pursuant to 28 U.S.C. § 2255. [doc. # 67]. The United States opposes the Motion. [doc. # 72]. For the reasons stated below, it is recommended that the Motion be **DENIED**.

**Background**

On September 24, 2014, a federal grand jury returned a three-count indictment charging Defendant with one count of distributing 5 grams or more of methamphetamine, one count of distributing 50 grams or more of methamphetamine, and one count of possession with intent to distribute 5 grams or more of methamphetamine, all in violation of 21 U.S.C. § 841(a)(1). [doc. #1]. On May 1, 2015, Defendant pleaded guilty to Count 2 of the indictment and the Government, in turn, agreed to dismiss the remaining counts. [doc. # 41]. On August 12, 2015, the district court sentenced Defendant to one hundred and twenty (120) months of imprisonment and five (5) years of supervised release. [docs. #51, # 53]. It also ordered him to pay a special assessment of $100.00 to the U.S. Clerk of Court. *Id*.

Brown appealed his conviction, arguing that the district court erred by (1) denying his requests for appointment of substitute counsel, and (2) failing to conduct an adequate inquiry into the basis for those requests. [doc. #61, p. 3]. On May 11, 2016, the Fifth Circuit affirmed

Brown's conviction, finding that the district court's inquiry into Brown's complaints was sufficient and, even if it was insufficient, Brown received "vigorous and able representation." *U.S. v. Brown*, 647 F.App'x 512 (5th Cir. 2016) (citing *U.S. v. Young*, 482 F.2d 993, 995 (5th Cir. 1973)) (mem.); [doc. #61].

Defendant filed the instant motion on March 21, 2017, asserting three claims for relief: (1) the district court sentenced him under the wrong statute and misapplied the Sentencing Guidelines; (2) his indictment was defective; and (3) his trial counsel was ineffective for failing to argue that the drug amount and quantity in his Pre-Sentence Report was incorrect, resulting in a higher sentence. [doc. # 67]. The Government filed its response on March 30, 2017, [doc. #72], and Brown filed a reply on June 1, 2017, [doc. #76]. Thus, the matter is now before the Court.

## Law and Analysis

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *U.S. v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and the conviction has been upheld on direct appeal, there is a presumption that the conviction is fair and final. *U.S. v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). As a result, review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Collateral review is fundamentally different from, and may not replace, a direct appeal. *Frady*, 456 U.S. at 152. Thus, even if the issues are constitutional or jurisdictional, a defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue

[constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *U.S. v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *U.S. v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under Section 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which she is innocent. *Shaid*, 937 F.2d at 232.

I.     **Defendant's Guilty Plea**

Brown pleaded guilty to Count 2 of the indictment, and was sentenced to the mandatory minimum sentence of one hundred and twenty months. "It is well-settled that '[w]hen a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings.'" *U.S. v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) (quoting *U.S. v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007)). This includes claims of ineffective assistance of counsel, with the exception of claims alleging that counsel's ineffectiveness rendered the guilty plea involuntary, unintelligent, or unknowing. *U.S. v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Daughenbaugh*, 549 F.3d at 1012. Therefore, "even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary" because in such cases there has been "no actual and substantial disadvantage

to the defense." *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

A federal court will uphold a guilty plea provided the plea is shown to have been knowing, voluntary, and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is considered knowing, voluntary, and intelligent so long as a defendant has been advised and indicates that he knows and is aware of "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n. 2 (5th Cir.1996) (citing *U.S. v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)). Thus, if the defendant "understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir.1982). Put another way, a guilty plea is considered "voluntary" if it is made by a defendant who is "'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel'" and who has not been "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *Brady v. U.S.*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. U.S.*, 246 F.2d 571, 572 n. 2 (5th Cir. 1957)).

"[T]he representations of the defendant . . . [at a plea hearing] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id.* at 74. An unambiguous plea agreement is "accorded great evidentiary weight." *U.S. v. Abreo*, 30 F.3d 29, 32 (1994). Consequently, subsequent conclusory and unsupported allegations that contradict a defendant's representations at a plea hearing are subject to summary dismissal. *Id.*

Here, it is clear that Defendant entered a voluntary and unconditional guilty plea. At the guilty plea hearing, the Court informed Brown that he had the right to a trial by jury, to call and cross-examine witnesses, and the right to not incriminate himself. [doc. #55, pp. 5-7]. Brown responded that he understood he was waiving those rights. *Id.* The Court then explained to Brown that he was pleading guilty to knowingly and intentionally distributing 50 grams or more of methamphetamine under § 841(a)(1). *Id.* at 8. Brown then indicated that he understood the minimum mandatory sentence was ten years, and the maximum sentence was life. *Id.* at 9. The Court then established that Brown's plea was voluntary:

> THE COURT: Has anyone threatened you or leaned on you or forced you to plead guilty or told you that if you do not plead guilty, further charges will be brought against you or that some other adverse action would be taken against you?
>
> THE DEFENDANT: No, ma'am.

*Id.* at 11.

> THE COURT: Has anyone made any promise to you other than those contained in the Plea Agreement that in any way influenced you to plead guilty?
>
> THE DEFENDANT: No, ma'am.

*Id.* at 13. Brown then admitted, under oath, that he knowingly possessed with the intent to distribute at least 50 grams of methamphetamine. *Id.* at 15. He also agreed with everything contained in his Rule 11 factual basis in support of his guilty plea. *Id.* at 15-16.

Additionally, by signing the unambiguous plea agreement, Defendant confirmed the following:

> I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am

> I under the influence of anything that could impede my ability to fully understand this plea agreement.
>
> I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.
>
> I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

[doc. # 41]. Defendant also signed an Affidavit of Understanding confirming the following:

> I, MARVIN BROWN, the above named defendant, having been furnished a copy of the charges and having discussed same with my attorney, state that, I understand the nature of the charges against me and the maximum possible penalty that may be imposed against me as set forth in the attached, signed Plea Agreement.
>
> * * *
>
> I realize that by pleading guilty, I stand convicted of the crime charged and waive my privilege against self-incrimination, my right to jury trial, my right to confront and cross-examine witnesses and my right of compulsory process.
>
> I further state that my plea in this matter is free and voluntary and that it has been made without any threats or inducements whatsoever (except the plea agreement) from anyone associated with the State or United States Government or my attorney and that the only reason I am pleading guilty is that I am in fact guilty as charged.

[doc. # 41-1]. The undersigned accepted Defendant's guilty plea in open court. Notably, in the instant motion, Defendant does not argue that his plea was involuntary. Accordingly, in effect, Brown waived all nonjurisdictional defects in the prior proceedings, including claims of ineffective assistance unrelated to his guilty plea.

**II.    Defendant's Claims**

<u>1. The District Court Imposed the Incorrect Sentence</u>

Brown advances several arguments concerning whether he was sentenced under the correct statute and whether the correct Sentencing Guidelines were applied to his case.

First, Brown argues that he only possessed 109.1 grams of methamphetamine, but that he was incorrectly sentenced under 21 U.S.C. § 841(b)(1)(A), which pertains to offenders who possess more than 150 grams. [doc. #67-1, p. 1]. As the government correctly points out, Brown's argument that he was sentenced under the wrong statutory provision is incorrect. Brown was sentenced under 21 U.S.C. § 841(b)(1)(A), which provides for a mandatory minium sentence of ten years, but not more than life, for any person who knowingly or intentionally manufactures, distributes, or dispenses, or possesses with intent to manufacture, distribute, or dispense 50 grams or more of methamphetamine. The indictment alleged Brown distributed 50 grams or more of methamphetamine, and Brown admitted at his guilty plea hearing that he did knowingly possess with the intent to distribute at least 50 grams of methamphetamine. [doc. #1, p. 1; doc. #55, p. 15]. As such, Brown's sentence was correctly fixed at a mandatory minimum of ten years under § 841(b)(1)(A).[1]

---

[1] In his reply brief, Brown urges, for the first time, that the district court impermissibly increased his sentence in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013). [doc. #76, pp. 3-5]. In *Apprendi*, the Court held that only facts other than the fact of a prior conviction that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. 530 U.S. at 490. In *Alleyne*, the Court extended the holding in *Apprendi* to any fact that increases the prescribed mandatory minimum. 133 S.Ct. at 2155.

As stated *supra*, Brown pleaded guilty to Count 2 of the indictment which charged him with knowingly and intentionally distributing 50 grams and more of methamphetamine, a schedule II controlled substance, in violation of § 841(a)(1). Brown admitted in his Rule 11 factual basis that he sold "109.1 net grams of methamphetamine at 99.4% purity, or 108.4 grams of pure methamphetamine" to an informant. Under § 841(b)(1)(A), the statutory mandatory minimum for distributing 50 grams or more of methamphetamine is ten years, with a maximum sentence of life. Brown was sentenced to serve a 120-month term of imprisonment, *i.e.*, the statutory mandatory minimum based on the facts admitted by Brown in his guilty plea. The district court did not engage in any "penalty enhancing findings" at sentencing, neither the statutory mandatory minimum nor the maximum sentence that Brown could receive was increased, and no *Apprendi* or *Alleyne* violations occurred. *See* doc. #56.

Brown next argues that the district court failed to abide by the appropriate Sentencing Guidelines and sentence him in accordance with the correct drug quantity. [doc. #67-1, pp. 1-2]. He further argues that the probation officer incorrectly calculated the methamphetamine amount at issue as "Ice." *Id.* at 3. He also contends that the "unique focus on methamphetamine purity" under section 2D1.1 of the Sentencing Guidelines undermines the goals of 18 U.S.C. § 3553. *Id.* at 2. Lastly, in his reply, Brown seems to argue that the district court incorrectly determined relevant conduct. [doc. #76, pp. 6-7].

Even if the court or the probation officer misapplied the Sentencing Guidelines, a "district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *U.S. v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Moreover, the aforementioned arguments are doubly waived. These claims are nonjurisdictional defects that Brown waived when he pleaded guilty, and all four arguments could have been raised on direct appeal, and therefore may not be raised in this collateral proceeding. *See Segler*, 37 F.3d at 1134.

A defendant may not raise an "issue for the first time on collateral review without demonstrating cause and prejudice or that his conviction amounts to a fundamental miscarriage of justice due to his actual innocence. *McGee v. U.S.*, 943 F.Supp. 671, 679 (W.D. La. 1996). Here, Brown has not offered any cause for his failure to raise these arguments on appeal, nor has he shown that a fundamental miscarriage of justice would result from a failure to entertain these challenges. Therefore, Brown's procedural default may not be excused and these arguments cannot now be raised via a § 2255 petition.

Claim one should be DISMISSED.

2. Defective Indictment

Brown asserts that his indictment was defective because it "only shows that Brown was charged in accordance in violation of Title 21 U.S.C. § 841(a)(1)," but not in violation of § 841(b)(1)(A), the statutory penalty provision under which Brown was sentenced. [doc. #67-1, p. 4].

The claimed defects in Brown's indictment are nonjurisdictional and were waived by his voluntary and intelligent guilty plea. *See U.S. v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002); *U.S. v. Cotton*, 535 U.S. 625, 630-31 (2002); *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 346 (5th Cir. 2002). Brown also failed to raise this issue on appeal, and therefore cannot raise it for the first time in the instant motion. *See Segler*, 37 F.3d at 1134. Defendant has not shown cause or prejudice for failing to raise this issue on appeal, and he has not demonstrated that the Court's failure to entertain this claim would result in a miscarriage of justice.

Furthermore, assuming *arguendo* that Brown did not waive this argument, the Fifth Circuit does not require that an indictment reference the penalty provision under which a defendant may be sentenced. *See U.S. v. Guerra*, 398 F.App'x 14, 15-16 (5th Cir. 2010) (citing *U.S. v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999) (whether an indictment is sufficient is measured by whether "(1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense.").

Claim two should be DISMISSED.

3. Ineffective Assistance of Counsel

Brown argues that his trial counsel was ineffective for failing to argue that the drug

9

amount and quantity listed in his Pre-Sentence Report was incorrect, resulting in a higher sentence. [doc. #67-1, p. 6]. Had Brown's attorney made this argument, Brown claims he would have been sentenced according to statutory provision 21 U.S.C. § 841(b)(1)(B), which carries a sentence range of 5 to 40 years, instead of § 841(B)(1)(A), which carries a sentence range of 10 years to life. *Id.* Brown also argues that he would have been eligible for the safety valve. *Id.* at 7.

As described above, by knowingly and voluntarily pleading guilty, Brown waived any challenge to nonjurisdictional defects in the prior proceedings, including claims of ineffective assistance, with the exception of claims that counsel's deficient performance rendered his plea involuntary. *See Cavitt*, 550 F.3d at 441. Brown does not claim that his plea was unknowing or involuntary; therefore, this claim is waived.

Even assuming Brown did not waive this claim, this claim fails on its face. To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997).

In applying the first prong of *Strickland*, courts presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v. Whitley*, 21 F.3d 1355, 1361 (5th Cir. 1994). To establish prejudice in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 106 S.Ct. 366, 369 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Strickland*, 466 U.S. at 693.

Here, Brown's allegations fail to prove that his attorney's actions prejudiced him. Brown does not allege that he would have insisted on going to trial. Instead, he alleges that, but for counsel's alleged errors, his sentence would have been different. This is insufficient to prove prejudice under *Strickland*. *See U.S. v. Ortega*, No. 11-292, 2013 WL 6002137, *6 (S.D. Tex. Nov. 12, 2013) (no prejudice under *Strickland* where defendant stated that, but for counsel's errors, he would not have received a sentence enhancement).

Lastly, insofar as Brown argues that the undersigned failed to appoint substitute counsel or adequately inquire into his complaints about court-appointed trial counsel, these claims were raised on appeal and thus cannot be relitigated in the instant motion. *See U.S. v. Kalish*, 780 F.2d 506, 507 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

Claim three should be DISMISSED.

## Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the Motion to vacate, set aside, or correct sentence, [doc. # 67], filed by Defendant Marvin Brown, be **DENIED**. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 12th day of June, 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE