UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 3:14-00183-01 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MARVIN BROWN | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM RULING**

Pending before the Court is Defendant Marvin Brown's ("Brown") Motion for Compassionate Release due to COVID-19 [Doc. No. 122] and Motion to be Tested for the COVID-19 Virus [Doc. No. 125]. For the reasons set forth herein, both Motions are DENIED.

**I.     Background**

On May 1, 2015, Brown plead guilty to Distribution of Methamphetamine of 50 Grams or More. On August 10, 2015, Brown was sentenced to a 120-month, (the statutory minimum) term of imprisonment. He additionally received 5 years supervised release. The total offense level for Brown in the pre-sentence report was 29. Although Brown has a long criminal history, his criminal history category was only II, since many of the crimes committed were too old to be counted in the criminal history category.

Brown appealed his conviction and sentence, and both were affirmed by the United States Court of Appeals for the Fifth Circuit on June 2, 2016.

On March 27, 2017, Brown filed a Motion to Vacate [Doc. No. 67], which was denied on October 3, 2017 [Doc. No. 83]. Brown's appeal to the Fifth Circuit was dismissed for want of prosecution on March 14, 201 [Doc. No, 94]. On August 9, 2019, Brown filed a Motion to Reduce

Sentence under the First Step Act [Doc. No. 95], That motion was denied on May 12, 2020 [Doc. No. 109].

On March 3, 2020, Brown submitted a request for compassionate release to the Warden of Forrest City Medium Federal Correctional Institute ("Forrest City") based on his medical issues and the COVID-19 virus. On June 10, 2020, the Warden denied Brown's request for compassionate release.

Thereafter, on July 6, 2020, Brown filed the pending Motion for Compassionate Release due to COVID-19 [Doc. No. 122] and, on July 13, 2020, Brown filed the pending Motion to be Tested for COVID-19 [Doc. No. 125]. The Government filed a consolidated response to both motions on July 15, 2020 [Doc. No. 127].

**II.    Jurisdiction**

The First Step Act, 18 U.S.C. § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release. However, before filing a motion with the court, prisoners must exhaust their administrative remedies with the Bureau of Prisons ("BOP"). This requirement is jurisdictional. *See United States v. Garcia,* 607 F.3d 209 (5th Cir. 2010).

The Government concedes that Brown submitted an Application for Compassionate Release to the Warden at Forest City, and thirty days elapsed prior to Brown filing the pending Motion for Compassionate Release. Additionally, the Warden responded, denying the Motion for Compassionate Release on June 10, 2020. Therefore, Brown has exhausted his administrative remedies, and this Court has jurisdiction to proceed with Brown's motion.

**III.    Parties' Arguments**

In his motion for compassionate release, Brown maintains he is a prisoner at Forrest City in Forrest City, Arkansas. He states he is a chronic care level II patient with heart disease and

extremely high and uncontrollable blood pressure, for which he takes five different medications. He also alleges he has chronic kidney disease, hepatitis B, is a borderline diabetic, has cataracts, and a heart blockage. Brown states he is waiting on a heart catheterization procedure to be performed.

Brown maintains that Forest City has numerous reported COVID-19 cases and that two inmates who tested positive were located only two cells away from him. Brown asks for a "time served" sentence. He has served approximately 50 months of his 120-month sentence. He argues that, if he were released, he would live with his family in Vicksburg, Mississippi, and reopen his home remodeling business.

While the Government concedes that Brown has exhausted his administrative remedies, it maintains he is not entitled to relief. First, the Government argues that Brown's medical conditions do not meet the criteria set forth as "extraordinary and compelling reasons." Additionally, the Government argues that Brown is not entitled to relief as both his criminal history and his disciplinary reports while at BOP establish that Brown cannot show he would not be a danger to the community if released.

**IV.  Law and Analysis**

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the

defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Brown moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. The First Step Act, § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A. Extraordinary and Compelling Circumstances

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)   extraordinary and compelling reasons warrant the reduction; . . .
>
> (2)   the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)   the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) <u>Medical Condition of the Defendant</u>.—
>
>    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
>
>    (ii) The defendant is—
>
>      (I) suffering from a serious physical or medical condition,
>
>      (II) suffering from a serious functional or cognitive impairment, or
>
>      (III)) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) <u>Age of the Defendant</u>.—The defendant
>
>    (i) is at least 65 years old;
>
>    (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and
>
>    (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) <u>Family Circumstances</u>.
>
>    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

>       (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

>    (D)    <u>Other Reasons</u>.

>       As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.") (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

### B.   Analysis

The only "extraordinary and compelling reason" cited by Brown is his medical condition (heart disease, high blood pressure, chronic kidney disease, hepatitis B, borderline diabetes, and cataracts). This Court finds that Brown has failed to meet his burden that extraordinary and compelling reasons exist under 18 U.S.C. § 3582 (c)(1)(A) to modify his prison sentence. The statute requires that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission," and Brown does not meet the criteria set forth in the policy statement.

### 1. Medical Condition

In his request, Brown maintains his medical conditions are heart disease, high blood pressure, chronic kidney disease, hepatitis B, borderline diabetes, and cataracts. Title 18, United States Code, Section 3582(c)(1)(A) requires that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." This Court finds that Brown's medical issues are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary. Brown does not suffer from a terminal illness. While he has presented some medical records, they do not prove that he is suffering from a serious physical or medical condition.[1] Finally, he has not shown that he has a serious functional or cognitive impairment, or, deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the…correctional facility." *Id*. at cmt. n.1(A)(ii)(I-III). As such, his alleged medical issues do not meet the extraordinary and compelling standard as set by the policy statement. *See United States v. Roberts*, Crim. Action No. 15-00135-01, 2020 WL 2130999, at *3 (W.D. La. May 5, 2020) ("[Inmate's] proffered reason of hypertension fails to meet the standard for compassionate release based upon medical condition of the defendant.").

### 2. Risk of COVID-19

Does the risk of Covid-19 change Brown's medical assessment? This Court finds it does not. The Government acknowledges that Brown's kidney disease is one risk factor identified by the CDC as heightening the risk of severe injury or death, were an inmate to contract COVID-19.

---

[1] The Court has considered that Brown may be able to supplement his medical records, but they are insufficient at this time.

Forrest City (where Brown is housed), currently has only 1 inmate and 5 staff members positive for coronavirus. There have been 0 deaths, and three inmates have recovered, and five staff members have recovered. https://www.bop.gov/coronavirus (last visited 7/20/2020).[2]

Additionally, the BOP has taken further action since the passage of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136. Section 12003(b)(2) of the Act "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://politi.co/2UV3JBi (last visited 4/27/2020). In the same Memorandum, Barr writes that the BOP "give priority in implementing these new standards to the most vulnerable inmates at the most affected facilities."*Id*. The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC on which persons are at heightened risk. The BOP has released 6,997 prisoners to home confinement under its process. https://www.bop.gov/coronavirus/ (last visited 07/20/2020).

Courts have consistently held that "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence…."

---

[2] There is a second low security facility at Forrest City, but Brown is not housed there.

8

*United States v. Clark*, Crim. Action No. 17-85-SDD-RLB, 2020 WL 1557397, at *6 (M.D. La. April 1, 2020). *See also United States v. Raia*, 954 F3d 594, 597 (3d Cir. 2020) (holding that the spread of COVID-19 alone "cannot independently justify compassionate release, especially considering the BOP's role, and its extensive and professional efforts to curtail the virus's spread); *Mazur,* Crim. Action No. 18-68 at *1, 3-4 (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19). Therefore, the Court finds that the Defendant has failed to meet his burden that the conditions at Forrest City and the potential exposure to COVID-19 present extraordinary and compelling circumstances according to 18 U.S.C. § 3582 (c)(1)(A), even in light of his kidney disease.

Even if Brown provided complete medical documentation to show that he has a serious physical or medical condition that makes him at heightened risk, his likelihood of exposure has been greatly reduced because of the low number of cases at Forrest City and the actions taken by BOP to address COVID-19 concerns. At this point, Brown has only "general concerns" about possible exposure to COVID-19, and he is not entitled to compassionate release for this reason alone.

### C. Danger to the community

Moreover, even if Brown were to meet his burden based on his medical condition, the Court must also considered whether he remains a danger to the community. In his request, Brown maintains that although he has had a few non-violent disciplinary infractions, he would not be a danger to the community if released. Brown maintains he would live with his family, in Vicksburg, Mississippi, and re-open his home remodeling business.

The Court must consider whether a prisoner remains a danger to the community before granting compassionate release, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C. § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed –

    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    B. to afford adequate deterrence to criminal conduct; [and]

    C. to protect the public from further crimes of the defendant; …

Brown has not demonstrated he will not pose a danger to the community if released, or that his release comports with the applicable §3553(a) factors. Although Brown only had a criminal history category of II at his sentencing, he has a long criminal history, including crimes that were not counted in the computation. He was convicted of simple kidnapping which occurred in April,

1990, where he was sentenced to three years. On June 5, 1990, Brown committed Possession with Intent to Distribute Cocaine for which he received five years. He was convicted of two counts of Distribution of Cocaine in September 1992, for which he received thirteen years. He also received three years on simple burglary which occurred in December 1992 and three years on an obscenity charge which occurred in October 2002. He received three years on both of these charges. Brown was also convicted of prostitution in an incident which occurred in May 2012. The incident offense in which Brown plead guilty occurred on July 9, 2014.

In his denial of Brown's application for compassionate release, in addition to finding that the medical conditions did not meet the criteria, the Warden found that, since being incarcerated, Brown was found guilty by the Disciplinary Hearing Officer for introduction of drugs/alcohol, male-abuse-criminal, disruptive conduct – high, and engaging in sexual acts.

Additionally, Brown has only served 50 months of this 120-month sentence. To reduce Brown's 120-month sentence to 50 months would not reflect the seriousness of the offense, would not promote respect for the law, would not afford an adequate deterrence to criminal conduct, and would not protect the public from further crimes of the defendant.

Considering the 18 U.S.C. § 3553(a) factors, along with the factors in 18 U.S.C. § 3142(g), Brown is not entitled to compassionate relief. His Motion for Compassionate Relieve based on COVID-19 is DENIED.

### D. Motion to be Tested for COVID-19

In his Motion to be Tested for COVID-19, [Doc. No. 125] Brown maintains that the BOP refuses to test him for COVID-19 because he does not have symptoms. He asks the Court to order the BOP to give to him the COVID-19 test, even if he has no symptoms.

The Government maintains that Brown's request is beyond the scope of 18 U.S.C. § 3582(c)(1)(A), as Brown is basically arguing that he is not receiving adequate medical care through the BOP and must pursue appropriate administrative and then civil remedies. *Chipke v. Van Buren* 239 F. App'x 85 (5th Cir. 2007).

This Court agrees with the Government. In *United States v. Williams* 2020 WL 3037075 (W.D. La. June 5, 2020), the Court found that Williams' request for access to masks "was not a modification of a sentence of imprisonment" and thus beyond the scope of § 3582(c)(1)(A).

For the above and foregoing reasons, Brown's Motion to be Tested for COVID-19 is also DENIED.

**V.    Conclusion**

For the above reasons, MARVIN BROWN'S Motion for Compassionate Release due to COVID-19 [Doc. No. 122] and Motion to be Tested for COVID-19 [Doc. No. 125] are both DENIED.

MONROE, LOUISIANA, this 22nd day of July, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE