UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION NO. 3:14-00183-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MARVIN BROWN** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Pending here is Defendant Marvin Brown's ("Brown") Motion to Reconsider Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 136]. Brown requests that the Court reconsider its Memorandum Ruling and Order [Doc. Nos. 128, 129] denying his Motion for Compassionate Release [122].

While there is no motion for reconsideration *per se,* there is a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The Fifth Circuit has explained that a Rule 59(e) motion "calls into question the correctness of a judgment," but "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered," or were offered, "before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5thCir. 2004) (citations and internal quotation marks omitted). Brown disagrees with the Court's determination in this case and provides more information as to his medical condition. His arguments, however, remain the same, and he has not shown that he would not be a danger to the community if released. The Court has previously considered and rejected Brown's arguments and finds no reason to alter or amend its Memorandum Ruling or Order. Accordingly,

**IT IS ORDERED** that Brown's Motion [Doc. No. 136] is **DENIED.**

MONROE, LOUISIANA, this 21st day of August, 2020.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**