UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO.  3:14-00183-01 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MARVIN BROWN | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending here is Defendant Marvin Brown's ("Brown") Motion to Alter or Amend Memorandum Ruling and Order to Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), the First Step Act and Cares Act [Doc. No. 138]. Brown requests that the Court reconsider its Memorandum Ruling and Order [Doc. Nos. 128, 129] denying his Motion for Compassionate Release [122]. Brown previously filed a Motion for Reconsideration [Doc. No. 136], which the Court denied [Doc. No. 137].

While there is no motion for reconsideration *per se,* there is a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The Fifth Circuit has explained that a Rule 59(e) motion "calls into question the correctness of a judgment," but "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered," or were offered, "before the entry of judgment." *Templet v. HydroChem, Inc*., 367 F.3d 473, 478-79 (5thCir. 2004) (citations and internal quotation marks omitted).

Brown offers no additional medical evidence other than to state that he has now tested positive for the COVID-19 virus.

Courts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus. *See, e.g., United States v. Dan*, CR. NO. 15-00703 HG-01, 2020 WL 3453845, at *5 (D. Haw. June 24, 2020) (explaining that defendant already tested

positive for COVID-19, was deemed recovered, and did not claim that he was currently suffering from any symptoms); *United States v. Mogan*, No. 14-040, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) ("[G]iven Petitioner's current COVID-19 diagnosis, granting his request would not enable him to obtain the relief he sought by filing this motion – avoiding contracting COVID-19"); *United States v. Russo*, 16-CR-441, 2020 WL 1862294, at *8 (S.D. N.Y., Apr. 14, 2020) (denying otherwise meritorious motion for compassionate release because defendant tested positive for COVID-19 during the pendency of the motion); *see also United States v. McCollough*, No. CR-15-00336, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020) ("Since Defendant has contracted COVID-19, the relevant questions concern (1) the course of his illness, (2) the state of his health, (3) his prognosis, and (4) the adequacy of the care and treatment being provided to him in BOP given his pre-existing conditions. ... Defendant had a mild case of the virus and has recovered. There is no evidence that the circumstances surrounding Defendant's health or treatment are extraordinary or compelling.").

Likewise, here, granting Brown's request would not enable him to obtain the relief he sought by filing this motion – avoiding COVID-19. Further, there is no evidence that the circumstances surrounding Brown's health or treatment are extraordinary or compelling.

Brown additionally contends that he would not be a danger to the community if released. However, his arguments remain the same. The Court has previously considered and rejected Brown's arguments and finds no reason to alter or amend its Memorandum Ruling or Order. Accordingly,

**IT IS ORDERED** that Brown's Motion [Doc. No. 138] is **DENIED.**

MONROE, LOUISIANA, this 16th day of September, 2020.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**