UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CIVIL DOCKET NO. 3:14-CR-00183-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MARVIN BROWN (01)** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM ORDER

Pending before the Court is a *pro se* Motion for Compassionate Release [Doc. No. 141] filed by Defendant Marvin Brown ("Brown") on February 14, 2022. Brown is currently serving a 120-month term of incarceration. He moves the Court for compassionate release due to COVID-19 risk factors. The United States of America ("the Government") filed a Response in Opposition [Doc. No. 143] on February 23, 2022.

For the reasons set forth herein, Brown's Motion for Compassionate Release is DENIED.

### I.     Background

On May 1, 2015, Brown pled guilty to distribution of fifty grams or more of methamphetamine and was sentenced to 120 months to be followed by five years of supervised release. He has an anticipated release date of July 8, 2023.

Brown appealed his conviction and sentence, and both were affirmed by the United States Court of Appeals for the Fifth Circuit on June 2, 2016 [Doc. No. 61].

On March 21, 2017, Brown Filed a Motion to Vacate [Doc. No. 67], which was denied on October 3, 2017 [Doc. No. 83]. Brown's appeal to the Fifth Circuit was dismissed for want of prosecution on March 14, 2018 [Doc. No. 94]. On August 9, 2019, Brown Filed a Motion to

Reduce Sentence under the First Step Act [Doc. No. 95]. That motion was denied on May 12, 2020 [Doc. No. 109].

On March 3, 2020, Brown submitted a request for compassionate release to the Warden of Forrest City medium Federal Correctional Institute ("Forrest City") based on his medical issues and the COVID-19 virus [Doc. No. 122]. On June 10, 2020, the Warden denied Brown's request for compassionate release [Doc. No. 127].

On July 6, 2020, Brown Filed a Motion for Compassionate Release due to COVID-19 [Doc. No. 122] and, on July 13, 2020, Brown filed a Motion to be Tested for COVID-19 [Doc. No. 125]. These motions were denied on July 22, 2020 [Doc. No. 129]. On August 20, 2020, Defendant filed a Motion to Reconsider [Doc. No. 136], which was denied on August 1, 2020 [Doc No. 137]. On September 14, 2020, Defendant filed a Motion to Alter or Amend [Doc. No. 138]. On September 16, 2020, the Court denied that motion [Doc. No. 139].

On February 14, 2022, Defendant filed the instant Motion for Compassionate Release [Doc. No. 141. The Government filed a Response in Opposition to Defendant's Motion for Compassionate release [Doc No. 143] on February 23, 2022.

In his motion for compassionate release, Brown maintains he is a prisoner at the Federal Transfer Center in Oklahoma City, OK. Defendant argues that he has a serious medical condition, and the court denied his prior motion only on the grounds that he had not "shown the court that he wouldn't be a danger to the community if release[d]."

While the Government concedes that Brown has exhausted his administrative remedies, it maintains that he is still not entitled to relief. Because nothing has changed for the defendant since the last Motion for Compassionate Relief and defendant has not offered any new information to

change the Court's analysis of the § 3553(a) factors already considered by this Court, the Government argues the Defendant's motion should be denied.

The issues have been briefed, and the Court is prepared to issue a ruling.

**II.     Law and Analysis**

The First Step Act, 18 U.S.C. § 3852(c)(1)(A), allows prisoners to directly petition courts for compassionate release [Doc. No. 143]. Before filing a motion with the court, prisoners must exhaust their administrative remedies with the Bureau of Prisons ("BOP"). This requirement is jurisdictional. *See United States v. Garcia*, 607 F.3d 209 (5th Cir. 2010).

The government concedes that Brown has exhausted his administrative remedies for the third time. Because Brown has again exhausted his administrative remedies, this Court had jurisdiction to proceed with Brown's motion.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Brown again moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the director of the BOP could file these kinds of compassionate release motions. The First Step Act was signed by President Trump and passed by Congress in 2018. 18 §3582(c)(1)(A). This Act allows prisoners to directly petition courts for compassionate release after they have exhausted their administrative remedies.

3

Upon a finding that the prisoner has exhausted his administrative remedies, the district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A. Extraordinary and Compelling Circumstances

The Sentencing Commission's Policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that –
> (1)     extraordinary and compelling reasons warrant the reduction;
> (2)     the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3)     the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

1. Extraordinary and Compelling Reasons. Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A)     Medical Condition of the Defendant.

        (i)     The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii)      The defendant is—

          (I)    suffering from a serious physical or medical condition,

          (II)   suffering from a serious functional or cognitive impairment, or

          (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)      Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)      Family Circumstances. —

      (i)       The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii)      The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)      Other Reasons. - As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. cmt. n. 1.

The Defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 12 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EO-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.')(Citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 201900; *United states v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828 at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

### B. Analysis

No new extraordinary or compelling reason is put forth by defendant in this new motion. Brown again cites his hepatitis B. and other medical conditions that were cited in his first motion. For the same reasons set forth in [Doc. Nos. 137, 139], this Court finds that Brown has failed to meet his burden that an extraordinary and compelling reason exists under 18 U.S.C §3582 (c)(1)(A) to modify his prison sentence.

To the extent that the defendant is asserting an issue with the quality of medical care he has received while in BOP custody, such allegations cannot be addressed in this compassionate release motion under § 3582(c)(1)(A). The defendant must file a *Bivens* lawsuit after exhausting his administrative remedies. See *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007)

### C. Danger to the Community

Had a new extraordinary or compelling reason been found which met the burden required, this Court must still consider whether Brown remains a danger to the community, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing in a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, … community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed

by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) The need for the sentence imposed-
>    A. To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    B. To afford adequate deterrence to criminal conduct; [and]
>    C. To protect the public from further crimes of the defendant.

The only new information Brown has provided in the instant motion is his willingness to enter a halfway house upon his release. This does not change the Court's opinion, and the Court adopts its previous analysis in [Doc. Nos. 137, 139].

Because he has not demonstrated that he will not pose a danger to society or that his release comports with the applicable factors, Brown is not entitled to compassionate release. Therefore, Brown's Motion for Compassionate Relief is DENIED.

### III.   Conclusion

For the above reasons, **IT IS ORDERED** that Marvin Brown's Motion for Compassionate Release [Doc. No. 141] is **DENIED**.

MONROE, LOUISIANA, this 28th day of February 2022.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE